

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. BERNARD TAYLOR, ) ) ) | |
| Petitioner, ) ) | No. 06 C 4665 |
| v. ) ) ) | Wayne R. Andersen |
| LEE RYKER, Warden, Lawrence Correctional Center, ) ) ) | District Judge |
| Respondent. ) | |

## MEMORANDUM, OPINION AND ORDER

This matter comes before the court on respondent Lee Ryker's motion to dismiss petitioner Bernard Taylor's petition for writ of habeas corpus. Respondent asserts that the petition for habeas corpus is time-barred pursuant to 28 U.S.C. §2244(d)(1). For the following reasons, respondent's motion to dismiss is granted.

## BACKGROUND

On August 27, 1997, petitioner Bernard Taylor pled guilty in the Circuit Court of Cook County to one count of first degree murder. The court sentenced Taylor to 55 years imprisonment. On September 25, 1997, Taylor filed in the Circuit Court of Cook County a *pro se* motion for reduction of sentence, which the trial court denied. Taylor incorrectly then filed a *pro se* motion for leave to file a late notice of appeal in the Circuit Court of Cook County on March 24, 1998. On April 15, 1998, the motion was filed properly in the Illinois Appellate Court, First District, which the Appellate Court denied. Taylor then filed his motion for leave to file a late notice of appeal with the Illinois Supreme Court on September 15, 1998. The Illinois

Supreme Court granted Taylor's motion, so he filed his petition for leave to appeal. The Illinois Supreme Court then denied Taylor's request for leave to appeal on February, 3, 1999.

On July 31, 1999, Taylor filed a *pro se* petition for post-conviction relief in the Circuit Court of Cook County, alleging ineffective assistance of counsel. The trial court dismissed the petition as untimely on October 1, 1999. Taylor appealed. The state prosecution informed the Illinois Appellate Court that the trial court improperly dismissed Taylor's post-conviction petition as it was, in fact, filed within three years of his conviction. The state requested the dismissal be vacated. On September, 14, 2000, the Appellate Court remanded the petition to the Circuit Court of Cook County. On January 6, 2003, Taylor, through counsel, filed a supplemental petition for post-conviction relief, specifically identifying the acts or omissions of trial counsel which allegedly violated his constitutional rights. After holding an evidentiary hearing on Taylor's claims on August 14, 2003, the Circuit Court of Cook County denied petitioner's supplemental petition for post-conviction relief. Taylor appealed to the Illinois Appellate Court, First District, claiming the court presiding over the evidentiary hearing denied Taylor of his right to due process by failing to provide a fair and impartial hearing. The Appellate Court affirmed the trial court's judgment on May 17, 2005. On June 14, 2005, Taylor filed a petition for leave to appeal in the Illinois Supreme Court. The court denied the petition on September 29, 2005.

Taylor filed the instant petition for writ of habeas corpus on August 25, 2006. The matter currently before the court is respondent's motion to dismiss the petition as untimely pursuant to 28 U.S.C. §2244(d)(1).

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner in state custody has one year to petition a district court for a writ of habeas corpus. 28 U.S.C. §2244(d)(1). That time limitation runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1). A judgment of conviction becomes final, under §2244(d)(1)(A), when the United States Supreme Court affirms the conviction, denies a petition for writ or certiorari, or when the time for filing a certiorari petition expires. *Clay v. United States*, 537 U.S. 522, 527 (2003); *Robinson v. United States.*, 416 F.3d 645, 648 (7th Cir. 2005).

First, a district court must determine when the petitioner's conviction became final under 28 U.S.C. §2244(d)(1)(A). A petitioner has 90 days, following the state supreme court's denial of leave to appeal, to petition for a writ of certiorari to the United States Supreme Court. *Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002). If a petitioner elects not to petition the Supreme Court for a writ of certiorari, he is entitled to add that 90 day period during which he could have filed such a petition to determine the final judgment date under section 2244(d)(1)(A). *Id.* Taylor's petition for leave to appeal to the Illinois Supreme Court was denied on February 3, 1999. Ninety days thereafter is May 4, 1999. Thus, Taylor's conviction became final on May 5, 1999, and the AEDPA's one-year limitation period began to run.

3

The AEDPA provides that the one-year limitations period will be tolled while a properly filed application for state post-conviction is pending. 28 U.S.C. §2244(d)(2). Taylor filed a petition for post-conviction relief on July 31, 1999. Between May 5, 1999 and July 31, 1999, there were 87 days which were not tolled because there was no application for relief pending before any court. Taylor's post-conviction petition properly was pending before the courts until September 29, 2005, when the Illinois Supreme Court denied Taylor's petition for leave to appeal. Therefore, the limitation period began to run *again* on September 29, 2005, the day on which Taylor's "judgment became final by the conclusion of direct review." 28 U.S.C. §2244(d)(1)(A).

One year from the date on which Taylor's post-conviction appeal became final was September 29, 2006. However, the 87 days during which the limitation period was not tolled must also be counted against the one-year period. Consequently, the writ of habeas corpus application limitation period expired on July 4, 2006. Taylor did not file the instant petition until August 25, 2006, fifty-two days after the limitation period lapsed. Therefore, Taylor's petition for habeas corpus is untimely.

In his response to respondent's motion to dismiss, Taylor argues that this court should nevertheless accept his petition for writ of habeas corpus because he was ignorant to the law, and the materials provided to him in the Lawrence Correctional Center law library were inadequate in curing that ignorance. Taylor further argues that he was given inaccurate information by the prison law librarian which resulted in his delay in filing his petition. Finally, Taylor argues that he was denied access to the prison law library during a period of segregation which also attributed to his delayed filing. Therefore, Taylor asserts that as a result of the

4

abovementioned actions, the state created an impediment, preventing him from filing a timely petition, and as such, the limitations period should be tolled.

The AEDPA's one-year limitation period is not jurisdictional and therefore is subject to equitable tolling. *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999). Equitable tolling excuses delay when "despite all due diligence [the litigant] is unable to obtain vital information bearing on the existence of his claim." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990). However, equitable tolling is granted sparingly and is not available to extend filing deadlines where "[n]othing *prevented* [petitioner] from filing earlier, and no deceit by the state has been alleged." *Brooks v. Walls*, 279 F.3d 518, 525 (7th Cir. 2002). A petitioner, therefore, must show extraordinary circumstances beyond his control which prevented him filing on time. *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).

A run-of-the-mill claim of ignorance of the law is insufficient to warrant equitable tolling. *United States ex rel. Ford v. Page*, 132 F. Supp. 2d 1112, 1115-16 (N.D. Ill. 2001). Taylor's status as a *pro se* litigant, uneducated in the law and without legal aide, does not excuse him from compliance with the relevant rules of law, including the time period for filing a petition for habeas corpus.

The alleged inadequacy of the Lawrence Correctional Center law library is equally unavailing in a claim for equitable tolling. Recently, in *Moore v. Battaglia*, the Seventh Circuit noted that issues of whether a state-created impediment is a basis for equitable tolling are highly fact-dependent. 476 F.3d 504, 507 (7th Cir. 2007). In that case, the petitioner argued that, when a prison law library is inadequate, it constitutes a state-created impediment, and thus the filing period for a writ of habeas corpus should be tolled. *Id.* at 506. The Seventh Circuit remanded the issue to the district court stating, "If, on remand, the district court determines that

the library contained a copy of the statute of limitations and the state did not prevent [petitioner] from accessing the statute, there would be no need to reach further legal question regarding tolling." *Id.* at 508. Here, the record is clear that Taylor, in fact, had access to a copy of the statute, 28 U.S.C. §2244(d), as it is referenced accurately, and in some instances verbatim, in his pleadings.

Additionally, penitentiary conditions, such as segregation or lock-down, resulting in limited or no access to the prison law library, do not establish the extraordinary circumstances required to justify equitable tolling. *Page*, 132 F. Supp. 2d at 1116. Therefore, the state, in segregating Taylor during an investigation of whether he had violated a penitentiary rule which thereby prevented him from accessing the law library, did not prevent him from filing his writ of habeas corpus on time. Taylor had sufficient access to the law to abide by the statutory timeline, but failed to do so. Thus, respondent's motion to dismiss Taylor's petition for habeas corpus as untimely is granted.

## CONCLUSION

For the foregoing reasons, respondent Lee Ryker's motion to dismiss [16] is granted, and the petition for writ of habeas corpus is dismissed with prejudice.

IT IS SO ORDERED.

_____
Wayne R. Andersen
District Judge

Dated: April 26, 2007